UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BILL LIETZKE,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF MONTGOMERY, et al.; and KEVIN MURPY,<br><br>    Defendants. | CIV. 16-5111-JLV<br><br>ORDER GRANTING *IN FORMA PAUPERIS* AND DISMISSING CASE |

On December 5, 2016, plaintiff Bill Lietzke filed a complaint against the defendants. (Docket 1). Mr. Lietzke moves for leave to proceed *in forma pauperis*. (Docket 3). Mr. Lietzke has an Alabama address, defendants are in Alabama, and the facts he pleads in his complaint all took place in Alabama.

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Mr. Lietzke provided a statement of his income in the motion for leave to proceed *in forma pauperis*. (Docket 3). The court finds Mr. Lietzke is indigent and grants him leave to proceed *in forma pauperis*.

Under federal law, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be

granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). The determination of whether a court has personal jurisdiction over a defendant is normally a two-step analysis. Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995). First, the applicable state long-arm statute, SDCL § 15-7-2, must be satisfied, and second, the court's exercise of jurisdiction must comport with due process. Id. South Dakota construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the Due Process Clause. Dakota Indus. v. Ever Best Ltd., 28 F.3d 910, 915 (8th Cir. 1994). Therefore, the analysis collapses into one step: the due process analysis. Id.

Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice, and if the defendant has sufficient "minimum contacts" with the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In order to exercise personal jurisdiction over a non-resident defendant, the non-resident defendant's conduct and connection with the forum state must be such that it "should reasonably anticipate being haled into court there." World–Wide Volkswagen Corp., 444 U.S. at 297. "The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 884 (2011) (plurality opinion).

Mr. Lietzke's complaint does not allege events that took place in the State of South Dakota and he does not allege defendants have systematic and

continuous minimum contacts with South Dakota. The complaint alleges only actions which plaintiff claims took place in Alabama. There is no evidence that defendants purposely directed activities toward South Dakota, that they conducted activities here or that they injured Mr. Lietzke in South Dakota. Defendants had no contact with South Dakota, the forum state. The court lacks jurisdiction over Mr. Lietzke's claims and lacks personal jurisdiction over the defendants.

Even though defendants have not been served and therefore have not raised the issue of jurisdiction, when an *in forma pauperis* applicant files a complaint that does not include any allegations supporting personal jurisdiction over the named defendants, the case can properly be dismissed *sua sponte*. See Sanders v. United States, 760 F.2d 869 (8th Cir. 1985); Morton v. Sony Parts Exch.-Ctr., 205 F.3d 1346 (8th Cir. 2000) (unpublished); Moore v. Bertsch, 450 F. App'x 561 (8th Cir. 2012).

Accordingly, it is

ORDERED that Mr. Lietzke's motion for leave to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Mr. Lietzke's complaint (Docket 1) is dismissed without prejudice.

Dated January 5, 2017.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE